IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JARED A. GOODEARLE                                                                        PLAINTIFF

v.                                    Civil No. 6:24-cv-06014-SOH-CDC

DR. GUY HENRY (Doctor, Wellpath/ADC)
and WELLPATH, LLC                                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant Guy's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 16). Also before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on February 9, 2024. (ECF No. 2). It was transferred to this District on February 12, 2024. (ECF No. 4). On February 20, 2024, the Court entered an Order directing Plaintiff to submit an Amended Complaint to correct deficiencies with his original Complaint. (ECF No. 8). Plaintiff did so on March 8, 2024. (ECF No. 10).

Defendant Guy filed his Motion for Summary Judgment on March 27, 2024. (ECF No. 16). On March 28, 2024, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response by April 18, 2024. (ECF No. 19). When Plaintiff failed to file his Response, the Court entered a Show Cause Order directing Plaintiff to show cause for his failure to obey an

1

Order of the Court by June 20, 2024. (ECF No. 20). Neither Order was returned undeliverable. Both Orders informed Plaintiff that his case would be dismissed if he failed to respond. (ECF Nos. 19, 20). To date, Plaintiff has failed to submit his Summary Judgment Response or his Show Cause Response. His last communication with the Court occurred when he filed his Amended Complaint on March 8, 2024. (ECF No. 10).

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2)

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 10) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of June 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3